UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN J. CUMMINGS,

    Plaintiff,

vs.

MIDDLETOWN OHIO CITY JAIL, *et al.,*

    Defendants.

Case No. 1:08-cv-248

Dlott, C.J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 21) BE GRANTED, ALL OTHER PENDING MOTIONS BE DENIED AS MOOT, AND THIS CASE BE CLOSED**

Plaintiff, an inmate at Ross Correctional Institution in Chillicothe, Ohio and former inmate at the Middletown City Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983, originally against the Middletown, Ohio City Jail, the Mayor of the City of Middletown, Ohio, the Warden of the Middletown City Jail, the Chief of Police of the City of Middletown, and unknown medical personnel of the Middletown City Jail, alleging various violations of his rights during his two day incarceration at the Middletown City Jail.

This civil action is now before the Court upon Defendants' motion for summary judgment (Doc. 21) and the parties' responsive memoranda (Docs. 25, 33).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. FACTS

Plaintiff was involved in a single car accident on August 4, 2006. (*See* Doc. 21, Ex. A, police records attached to the Affidavit of Richard Bowling). When officers arrived, Plaintiff was found walking away from the accident and officers noticed he had mud and grass on his clothes and observed a "strong odor of alcoholic beverage about his person, blood shot eyes, slurred speech and unsteady on his feet." *Id.* Plaintiff was arrested. After being placed under arrest, the Officers determined that he needed medical care, and he was transported to the emergency room at the Middletown hospital. *Id.*

After arriving in the emergency room, Plaintiff received an x-ray and was diagnosed with a "rib fracture" and "drug/alcohol abuse." (*See* Doc. 21, Ex. A, treatment records from the Middletown Regional Hospital, attached to the Affidavit of Richard Bowling). Plaintiff was prescribed medication and then released. *Id.* After his release, he was booked into the city jail.

During his two-day stay at the jail, Plaintiff was given medication as prescribed by the hospital staff. *Id.* The city jail has hired a physician who employs licensed nurses to provide medical care to inmates. (Doc. 21, Bowling Aff. at ¶ 4). Inmates at the city jail are permitted to present medical issues or complaints to jail officers or to the nurse. (*Id.* at ¶ 5). It is the policy of the city to transport inmates to a hospital or other appropriate facility when the need is urgent or beyond the care provided by the nurse. *(Id.* at ¶ 6).

## PROCEDURAL HISTORY

On April 23, 2009, all but one of Plaintiff's claims were dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief may be granted. (*See* Doc. 4). Thus, the only remaining claim is Plaintiff's deliberate indifference to medical needs claim against the Warden and unknown medical personnel at the Middletown jail. All other claims and Defendants have been dismissed.

Upon careful review, and for the reasons that follow, the undersigned concludes that there are no genuine issues of material facts in dispute, and that Defendants are entitled to judgment as a matter of law.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323.

"Summary judgment is only appropriate if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(c)) (emphasis added). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Moreover, while the pleadings of *pro se* litigants are liberally construed, the fact that a plaintiff is "proceeding *pro se* does not otherwise relieve [him] from the usual requirements of summary judgment." *Bussey v. Phillips*, 419 F. Supp.2d 569 (S.D.N.Y. 2006) (quoting *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166, No. 00 Civ. 8594, 2003 WL 102853, at *5 (S.D.N.Y. Jan. 9, 2003))

### III. ANALYSIS

As noted above, the only claim before the Court is Plaintiff's deliberate indifference to medical needs claim against the Warden and unknown medical personnel at the Middletown jail. Plaintiff asserts that "the Warden" and "unknown medical personnel" denied Plaintiff medical attention in violation of his Fourteenth Amendment rights.

A.  *Plaintiff's Official Capacity Claims*

The position of Warden does not exist at the jail, and none of the medical personnel are individually named. Thus, Defendants maintain that no individual is on notice that

Plaintiff intends to hold him or her personally liable, and, therefore, none of Plaintiff's claims are asserted against any Defendant in his or her individual capacity. *Moore v. City of Harriman*, 212 F.3d 769, 772-773 (6th Cir. 2001). Consequently, Defendants assert that Plaintiff's § 1983 claim is an official capacity claim only.

"A suit against an individual 'in his official capacity' has been held to be essentially a suit directly against the local government unit." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245 (6th Cir. 1989); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099 (1985). Thus, Plaintiff's claim against the unnamed Defendants in their official capacities constitutes a claim against the City of Middletown.

To subject a municipality to § 1983 liability for the actions of its employees, a plaintiff "must show that the alleged federal right violation occurred because of a municipal policy or custom." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 694 (1998). Here, the Court has previously ruled that Plaintiff has failed to set forth any such allegations in his complaint. (Doc. 4). Accordingly, Defendants are entitled to summary judgment on Plaintiff's official capacity claims.[2]

---

[2] Additionally, the Court also previously ruled that to the extent Plaintiff seeks to hold the Warden liable for the alleged failure to take disciplinary action against the police officers who allegedly assaulted Plaintiff and for their failure to investigate the alleged assault, the complaint fails to state a claim for relief under § 1983. (Doc.4) (citing *Monell v. Department of Social Services,* 436 U.S. 658 (1978)).

### B. Plaintiff's Individual Capacity Claims

Assuming, *arguendo*, that Plaintiff has stated a claim against the Defendants in their individual capacities, Defendants maintain that they are entitled to summary judgment because Plaintiff cannot prove that the Defendants violated any of his constitutional rights. The undersigned agrees.

To state a cognizable claim under the Eighth Amendment concerning medical care of prisoners, an inmate must allege acts or omissions sufficiently harmful to evidence deliberate medical indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 829 (1994). The Supreme Court of the United States has held that there are two elements to a deliberate indifference claim: (1) that in an objective sense, the deprivation of medical care is serious; and (2) plaintiff can prove, "in a subjective sense, that [the defendant] was deliberately indifferent to [the plaintiff's] health." *Farmer v. Brennan*, 511 U.S. at 834.

The objective component of the Eighth Amendment requires that the inmate show the deprivation is sufficiently serious. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). When an inmate alleges a delay in treatment, the seriousness of the deprivation is determined by the effects of the delay in treatment. *Napier v. Madison County, Ky.*, 238 F.3d 739 (6th Cir. 2001). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier*, 238 F.3d at 742 (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)).

Moreover, to have a sufficiently culpable mind, the official must both "be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837-38. The Sixth Circuit has stated that "knowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Accordingly, Plaintiff must evidence that "the Warden" and "unknown medical personnel" were aware of and ignored "an excessive risk" to Plaintiff's health or safety; that he/they were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed; and that he/they did in fact draw this inference. *Farmer,* 511 U.S. at 837.

Furthermore, to establish liability under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendant is personally responsible for the unconstitutional actions that injured him. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). *Respondeat superior* is not a basis for liability under §1983. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). In *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984), the Sixth Circuit held as to supervisory officials and their liability under §1983:

> Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a §1983 plaintiff must show that a supervisory official at least implicitly acquiesced in the unconstitutional conduct of the offending

subordinate. *Bellamy,* 729 F.2d 416, 421 (citing *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982) (in which "we held that the §1983 liability of supervisory personnel must be based on more than the right to control employees.").

Thus, there must be direct participation by the Defendant(s) in the Plaintiff's alleged constitutional deprivations.

Here, Plaintiff cannot point to any evidence that anyone at the jail was deliberately indifferent to his medical needs. He cannot show that he was deprived of medical care. Instead, the record shows that he was given appropriate medical care.

The affidavits submitted by Plaintiff do not show that any alleged deprivation of medical care was serious or that there was a substantial risk of serious harm. The Affidavit of Angela Frederick, RN, shows that she saw Plaintiff after his release from jail, made physical observations of his person, and came to her own non-expert opinions as to Plaintiff's condition. (*See* Doc. 25, Frederick Aff.) The Affidavit of Delores J. Cummings states that she could not ascertain the names of Defendants, that she made her own observations of Plaintiff's physical condition, and that she knows Plaintiff sought further medical treatment following his release from jail. (Doc. 25, D. Cummings Aff.). Neither of these affidavits creates an issue of material fact regarding whether Defendants showed deliberate indifference toward Plaintiff's serious medical needs.

Furthermore, Plaintiff does not allege any personal involvement by the "Warden" in the alleged deliberate indifference to Plaintiff's serious medical needs. Rather, Plaintiff alleges he reported the lack of medical attention to the "Warden" on the third day of his

incarceration, or the same day that he was released from jail. To the extent Plaintiff seeks to hold the "Warden" liable based on his supervisory position, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Likewise, Plaintiff has no evidence to show that the "unknown medical personnel" appreciated a risk and choose to ignore the risk. Plaintiff was transported to the hospital and then given access to a licensed nurse in the jail to provide follow-up care and dispense medication.

Finally, Plaintiff cannot show a legal causal connection (via expert testimony) between the alleged deliberate indifference and any alleged injury. Thus, Plaintiff has no evidence of deliberate indifference to his medical needs.

Accordingly, the undersigned concludes that Plaintiff's claim of deliberate indifference and denial of medical attention should be dismissed as a matter of law under the undisputed facts.

**IV.**

Accordingly, based on the foregoing**, IT IS THEREFORE RECOMMENDED THAT** Defendants' motion for summary judgment (Doc. 21) should be **GRANTED**; all other pending motions should be **DENIED** as **MOOT** (Docs. 32, 34, 36); and this case should be **CLOSED**.


**DATE: February 1, 2010**   　　　　　　　　　　　　　s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRIAN J. CUMMINGS,

      Plaintiff,                                  Case No. 1:08-cv-248

     vs.                                          Dlott, C.J.
                                                     Black, M.J.

MIDDLETOWN OHIO CITY JAIL, *et al.*,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).